21PSCV01071
Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 03:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk
Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Peter Hernandez

GABRIEL SEPULVEDA-SANCHEZ (SBN: 283326)
**SEPULVEDA SANCHEZ LAW, PC**
714 W. Olympic Blvd. Suite 450
Los Angeles, CA 90015
T: 213-426-1051
F: 213-426-1052
Email: Gabriel@sepulvedalawgroup.com

SEYDI A. MORALES, ESQ. (SBN: 325311)
**LAW OFFICES OF SEYDI A. MORALES**
6311 Van Nuys Blvd. #415
Van Nuys, CA 91401-2611
T: 818-468-1461

Attorney for Plaintiff,
Criselda Baquiran

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CRISELDA BAQUIRAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL RED CROSS, LYLE PELTIER and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No: 21PSCV01071<br>Unlimited Jurisdiction<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. SEXUAL HARASSMENT IN VIOLATION OF FEHA<br>2. FAILURE TO PREVENT HARASSMENT IN VIOLATION OF FEHA<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Criselda Baquiran, alleges, on the basis of personal knowledge and/or information and belief:

1

Complaint

## PARTIES

1. At all times relevant herein, Plaintiff Criselda Baquiran (hereinafter "Plaintiff") was employed by and worked for Defendant American National Red Cross (hereafter "Defendants") in the State of California, County of Los Angeles.

2. At all times relevant herein, Defendants were a corporation doing business in the State of California, County of Los Angeles.

3. At all times relevant, Defendants employed 5 or more employees and are employers as defined in the Fair Employment and Housing Act, Govt. Code §12900-12996 (as referenced above and hereinafter "FEHA").

4. Defendants DOES 1 through DOES 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

5. Defendant, Lyle Peltier, at all times relevant herein, was a resident of the City of Los Angeles, in State of California, County of Los Angeles.

6. In 2011, Plaintiff was hired by Defendants as a Phlebotomy Technician where her duties included but were not limited to: collecting blood from patients, customer service, specimen preparation, medical records data entry, and ensuring the comfort of blood donors. Over the next decade, Plaintiff performed her job duties in a competent and exemplary manner.

7. On or about August 2019, Plaintiff was working as a Phlebotomy Technician when

a donor named Lyle Peltier came into Defendant's Pomona Red Cross Blood Donation Center to donate blood. Plaintiff was standing to the right of Mr. Peltier and two other technicians were standing to his left. Mr. Peltier asked Plaintiff what movies she recommended to watch while he was having his blood drawn. He then opened the drawer where the movies were located and slapped Plaintiff's buttocks without her consent. Plaintiff is informed and believes that the two other technicians witnessed Mr. Peltier slap Plaintiff's buttocks that day. In response to the unconsented touching, Plaintiff grabbed Mr. Peltier's hand and asked, "Why did you slap my butt?" In response, he said, "Oh c'mon, it's just a slap on the butt" and smiled at Plaintiff.

8. Thereafter, Plaintiff reported the incident to her supervisor, Charina Rey. In addition, Plaintiff reported the incident to her coordinator, Dawn Leon. Plaintiff is informed and believes that Dawn Leon was also subjected to a nonconsensual touch by Mr. Peltier. Neither Charina Rey or Dawn Leon made any reports or attempts to prohibit Lyle Peltier from coming in contact with Plaintiff.

9. Two months later, Plaintiff began to see Mr. Peltier more regularly. Upon seeing him, Plaintiff experienced humiliation, grief, anxiety, and shame as she realized that her supervisors did nothing about the prior incident between her and Mr. Peltier. In response to seeing Mr. Peltier, Plaintiff would attempt to hide and avoid him, feeling anxious and scared.

10. On or about May 5, 2021, Mr. Peltier entered Defendant's facility to donate more of his blood. On this day, he approached Plaintiff closely and asked her for help to play a movie. In response, Plaintiff turned to play a movie, and when she turned back around to face Mr. Peltier, he was looking intensely at her. He was making sexual facial gestures towards her, as though he was "undressing" her with his eyes. Plaintiff was anxious and upset after this encounter.

11. On or about June 3, 2021, Mr. Peltier entered Defendant's facility to donate his blood again. Upon seeing Mr. Peltier, Plaintiff began to have a panic attack, finding it difficult to

breathe. She then asked her charge nurse, Marisela Torres, for a break. Plaintiff then contacted Charina Rey, who was now her manager, to explain what had happened. Charina instructed Plaintiff to stay on break until Mr. Peltier finished his blood donation. Approximately, 2 to 3 hours elapsed before Mr. Peltier left and Plaintiff could resume work. Upon returning to work, Plaintiff felt anxious.

12. After this incident, Plaintiff felt as though she was reliving the nonconsensual touching incident with Mr. Peltier, and it began to affect her marriage and work life. Plaintiff would become distraught, cry, and push her husband's hand away when he would attempt to show physical affection towards her. Plaintiff spoke with Charina Rey about her issues and Charina told her that she did not report any incidents of sexual harassment. Charina apologized to Plaintiff and said she felt awful about how the incident was affecting Plaintiff. Charina informed Plaintiff that she would resolve the problem and gave her the number to the Employee Assistance Program.

13. On or about July 2, 2021, Plaintiff began seeing Kathleen Yuan, PA-C, who referred her to a therapist, Natalia Salinas MSW, LCSW, SAP. Plaintiff was diagnosed with acute post-traumatic stress disorder and panic disorder due to "past trauma after exposure to sexual harassment at work."

14. On or about July 26, 2021, therapy sessions with Natalia Salinas concluded, with the recommendation of weekly psychotherapy sessions and participation in an intensive outpatient program.

I.

**FIRST CAUSE OF ACTION**

Sexual Harassment-FEHA

(Against All Defendants, and Does 1 to 50, Inclusive)

15. Plaintiff re-alleges and incorporates by reference, each and every allegation of this

1 | Complaint.

2 | 16.   At all times herein mentioned, FEHA, Government Code section 12955(a) and (d),
3 | was in full force and effect and was binding on Defendants. This statute requires Defendants to
4 | refrain from allowing sexual harassment of their employees. Within a timely manner, Plaintiff
5 | reported the nonconsensual touching incident to her supervisor and coordinator, within full
6 | compliance with administrative requirements. In addition, within the time provided by law,
7 | plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements,
8 | and received a right-to-sue letter.

9 | 17.   At all material times, Plaintiff was an employee at Defendant American National
10 | Red Cross.

11 | 18.   As identified herein, during Plaintiff's employment with Defendants, Defendants
12 | allowed actions to occur on their premises that constituted sexual harassment of Plaintiff. Mr.
13 | Peltier's sexual conduct toward Plaintiff was based on the fact that Plaintiff is a person of the
14 | female sex and was so severe and pervasive that it materially altered the conditions of Plaintiff's
15 | employment and created an abusive and hostile working environment in violation of Cal. Gov't
16 | Code § 12940.

17 | 19.   All of these actions were taken against Plaintiff's will and desire and over her
18 | protests. These acts of misconduct occurred from at least August 2019 until June 15, 2021.
19 | Defendants took no action to prevent the sexual harassment of Plaintiff.

20 | 20.   As a proximate result of Defendants' willful, knowing, and intentional allowance of
21 | sexual harassment to Plaintiff, Plaintiff has sustained and continues to sustain damages.

22 | 21.   As a proximate result of Defendants' willful, knowing, and intentional allowance of
23 | sexual harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional
24 | distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.
25 |

22. Defendants' allowance of sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

23. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are known.

II.

## SECOND CAUSE OF ACTION

### Failure to Prevent Harassment-FEHA

(Against All Defendants, and Does 1 to 50, Inclusive)

24. Plaintiff re-alleges and incorporates by reference, each and every allegation of this Complaint.

25. At all times herein mentioned, FEHA, Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendant. Section 2940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring. In addition, within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

26. At all material times Plaintiff was an employee at Defendant American National Red Cross.

27. During the course of her employment at Defendant American National Red Cross, Plaintiff was subjected to sexual harassment.

28. Plaintiff made multiple complaints to Defendant's Supervisor and Manager, Charina Rey, about the sexually harassing and abusive behavior of Mr. Peltier.

29. Despite having been warned, in detail, of Mr. Peltier's misconduct, Defendant

failed to adequately investigate Mr. Peltier's behavior and otherwise failed to take any reasonable steps to prevent him from further harassing Plaintiff.

30. At all relevant time periods, Defendant's failure to make an adequate inquiry or take any steps to address Mr. Peltier's harassing conduct as described above established a policy, custom, practice or usage, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in harassment against employees, including, but not limited to, Plaintiff.

31. Plaintiff is informed and believes, and thereon alleges, that during all relevant time periods, Defendant failed to provide adequate or any training and education to its personnel and most particularly to its management and supervisory personnel regarding its harassment policies and procedures. Defendant knew or reasonably should have known that such failure would result in harassment against employees such as Plaintiff. Such failure on the part of Defendant constituted deliberate indifference to the rights of their employees, including, but not limited to Plaintiff.

32. Defendant's failure to prevent and/or stop the harassment described herein compounded and exacerbated the physical and emotional injuries Plaintiff was already suffering as a result of the unlawful conduct described above. As a proximate result of Defendant's conduct as described more fully above, Plaintiff has suffered and continues to suffer economic damages, including lost earnings, noneconomic damages, including, without limitation, humiliation, embarrassment and discomfort, physical and mental emotional distress and anguish, all to Plaintiff's damages in an amount to be proven at trial but in excess of the jurisdictional threshold of this court.

33. Defendant, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights,

welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendant, in an amount to be determined at trial.

34. As a result of Defendant's unlawful acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Cal. Govt. Code Section 12965.

## III.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress-FEHA

(Against All Defendants, and Does 1 to 50, Inclusive)

35. Plaintiff re-alleges and incorporates by reference, each and every allegation of this Complaint.

36. Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

37. Defendants were aware that treating plaintiff in the manner alleged above would devastate Plaintiff and cause her extreme hardship.

38. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.

39. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

40. Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling the Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For compensatory damages including but not limited to lost employee benefits, bonuses, mental and emotional distress, medical expenses, expenses of seeking substitute employment, and other special, general and compensatory damages in an amount according to proof;

4. For punitive and exemplary damages in an amount according to proof;

5. For statutory penalties

6. For attorney's fees under the Cal. Gov't Code;

7. For interest as allowed by law;

8. For costs of suit; and

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRAIL

Plaintiff hereby demands trial by jury on all causes of action so triable.

Dated: December 17, 2021                     SEPULVEDA SANCHEZ LAW, P.C.

By: *Gabriel Sepulveda Sanchez*
Gabriel Sepulveda-Sanchez
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 08:02 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Gabriel Sepulveda Sanchez, Esq. SBN: 283326
Sepulveda Sanchez Law
811 Traction Ave., Ste. 2A
Los Angeles, CA 90013
TELEPHONE NO.: 213-426-1051    FAX NO.: 213-426-1052
ATTORNEY FOR (Name): Plaintiff

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

**CASE NAME:**
Baquiran v. American National Red Cross, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21PSCV01071  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* (3) Three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/17/2021
Gabriel Sepulveda Sanchez, Esq.
(TYPE OR PRINT NAME)    *Gabriel Sepulveda Sanchez*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

16

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Baquiran v. American National Red Cross, et al. | CASE NUMBER: 21PSCV01071 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210 Medical Malpractice - Physicians & Surgeons<br>A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | A7250 Premises Liability (e.g., slip and fall)<br>A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | A6013 Fraud (no contract) | 1., 2., 3. |

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

18

| SHORT TITLE: Baquiran v. American National Red Cross, et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/Warranty (06) (not Insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>     A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)   **CIVIL CASE COVER SHEET ADDENDUM**   LASC, rule 2.0
LASC Approved                **AND STATEMENT OF LOCATION**              Page 2 of 4

| SHORT TITLE: Baquiran v. American National Red Cross, et al. | | CASE NUMBER 21PSCV01071 |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental 30 | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>A6140  Administrative Agency Award (not unpaid taxes)<br>A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>A6040  Injunctive Relief Only (not domestic/harassment)<br>A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>A6123  Workplace Harassment<br>A6124  Elder/Dependent Adult Abuse Case<br>A6190  Election Contest<br>A6110  Petition for Change of Name<br>A6170  Petition for Relief from Late Claim Law<br>A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/06)   CIVIL CASE COVER SHEET ADDENDUM   LASC, rule 2.0
LASC Approved             AND STATEMENT OF LOCATION          Page 9 of 4

20

| SHORT TITLE: Baquiran v. American National Red Cross, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE. ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: Pomona Red Cross Blood, Platelet and Plasma Donation Center 100 Red Cross Circle |
|---|---|
| CITY: Pomona | STATE: CA | ZIP CODE: 91768 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Pomona Courthouse South courthouse in the East District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 12/17/2021

*Gabriel Sepulveda Sanchez*
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)  LASC Approved    CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION    LASC, rule 2.0    Page 4 of 4

21